

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-138-CR**
**NO. 2-08-139-CR**

ANTHONY DWAYNE MORGAN                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Anthony Dwayne Morgan of felony evading arrest in a vehicle and burglary of a habitation. Finding the enhancement allegations to be true in each case, the jury assessed punishment at twenty years' confinement in the evading arrest case and sixty years' confinement in the burglary case. The trial court sentenced Appellant accordingly. In two

---

[1] *See* Tex. R. App. P. 47.4.

issues in each case, Appellant challenges the legal and factual sufficiency of the evidence. Because we hold that the evidence is legally and factually sufficient to support both convictions, we affirm the trial court's judgments.

**Background Facts**

Around 10:15 on the morning of August 3, 2007, while on patrol on Interstate 20, State Trooper Troy Erichsen saw a white Suburban speeding in the opposite direction. Erichsen turned around and began following the Suburban and, when he got close to the vehicle, turned on his lights and sirens. The Suburban changed lanes and accelerated. An eighteen-mile chase ensued, which ended when the Suburban skidded off the road into a ditch, then into the yard of a residence, and then around a fountain in the yard, finally stopping. During the chase, Erichsen did not notice anyone in the vehicle other than the driver, a dark-complected male wearing a light-colored shirt, whom Erichsen could not see clearly because of the Suburban's window tinting.

As the Suburban stopped, Erichsen saw the Suburban's driver's door open. He did not see anyone exit the vehicle; upon inspection he determined that no one was inside it. A crime scene investigator called to the scene found a bloody tooth on the floorboard.

On the same morning, shortly after the car chase ended, Appellant entered a house behind the residence where the Suburban had stopped. The

2

owner of the house, Dorothea Vandagriff, was in the kitchen when Appellant entered.

Vandagriff saw that Appellant was bleeding on his chin and neck. She stated, "You're injured," and offered to get her husband, who was mowing the lawn. At that point Appellant shut the door, locked it, and closed the blinds. Appellant stated, "You've got to help me[,] and I'll pay you." Vandagriff offered to call 911 and walked toward the telephone, but Appellant pulled her back from the telephone and said, "No calls." He asked her for the keys to her car, and she gave them to him. She showed him her car parked in her garage, and Appellant said that he wanted her to drive him and that he would pay her. Appellant walked around the car to the passenger side. Vandagriff walked around to the driver's side, and while she was doing so, she saw her neighbor in her own front yard. Vandagriff ran toward her neighbor, yelling, "He's stealing my car." The neighbor spotted the police officers searching the neighborhood for the Suburban driver and yelled to the officers, "He's in there," pointing to the Vandagriff home. Appellant started the car, backed it out of the garage, turned it in the yard, and started to drive out of the driveway, at which point he was stopped by the police officers and taken into custody. His arrest occurred within minutes the end of the car chase.

3

**Evidence of Evading Arrest in a Vehicle is Legally Sufficient**

Appellant argues in his second issue that the evidence is legally insufficient to support the jury's verdict because the evidence fails to show that he was the driver of the Suburban.[2] In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

The record contains some direct evidence that Appellant was the driver of the Suburban. It was daylight. Although the windows were tinted, Officer Erichsen could see into the vehicle. He was able to determine that the driver was a male who had a dark complexion and wore a light-colored shirt. Erichsen saw no other person in the vehicle. Appellant is a male with a dark complexion, and he was wearing a light-colored shirt at the time of his arrest.

The record also contains some circumstantial evidence that Appellant was the driver of the vehicle. Officer Erichsen and Mrs. Vandagriff both testified

---

[2] *See* Tex. Penal Code Ann. § 38.04(a), (b)(1) (Vernon 2003) (providing that "[a] person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him" and "uses a vehicle while . . . in flight").

[3] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

that Appellant was bleeding from the mouth. The crime scene investigator found a tooth on the floorboard of the Suburban. Appellant went to Mrs. Vandagriff's house, which was behind the house where the Suburban finally came to a stop. When Appellant came into the house, he locked the door and pulled down the blinds. He was breathing heavily and seemed very nervous. He tried to flee in Mrs. Vandagriff's car. Officers arrested Appellant within minutes of the Suburban's coming to a stop in Mrs. Vandagriff's neighbor's yard. The Suburban had New Mexico license plates. Appellant had outstanding New Mexico warrants, and he had a Clovis, New Mexico address.

We treat circumstantial evidence exactly the same way that we treat direct evidence.[4] The question is whether a rational trier of fact could determine Appellant's guilt beyond a reasonable doubt.[5] Applying the appropriate standard of review, we hold that the evidence is legally sufficient to support Appellant's conviction for evading arrest. We overrule Appellant's second issue.

---

[4] *Laster v. State*, No. PD-1276-07, 2009 WL 80226, at *4 (Tex. Crim. App. Jan. 14, 2009).

[5] *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

5

**Evidence of Evading Arrest in a Vehicle is Factually Sufficient**

In his first issue, Appellant argues that the evidence is factually insufficient to support his conviction of evading arrest because the evidence fails to show that he was the driver of the Suburban. When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.[6] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust.[7] To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.[8]

We do not combine the legal and factual sufficiency reviews.[9] The facts, however, remain the same, whether we are engaging in a factual sufficiency

---

[6] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

[7] *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

[8] *Watson*, 204 S.W.3d at 417.

[9] *Laster*, 2009 WL 80226, at *3.

review or a legal sufficiency review; only the lens through which we view the evidence changes.

Officer Erichsen followed the Suburban. Although the windows were tinted, he was able to see into the vehicle and saw only one person, the driver. He saw that the driver was a male with a dark complexion who was wearing a light-colored shirt. As the Suburban stopped, Officer Erichsen saw the driver's-side door open, although he did not see anyone get out of the vehicle. He did not testify that he saw any other door open. No one was left in the vehicle. On the floorboard, the crime scene investigator found a bloody tooth.

Officer Erichsen testified that Appellant is a dark complected male and was wearing a light-colored shirt at the time of his arrest. Officer Erichsen also testified that Appellant was bleeding profusely from the mouth at the time of his arrest and that it appeared that a couple of his teeth had been knocked out.

Officer Erichsen additionally testified that the Suburban had a New Mexico license plate. Subsequent investigation revealed that Appellant had outstanding warrants in New Mexico and that Appellant had a Clovis, New Mexico address.

Mrs. Vandagriff identified Appellant as the person who came into her house, breathing heavily and appearing very nervous, and who got upset when she offered to call 911. He took the keys to her car and attempted to drive off.

7

Mrs. Vandagriff identified Appellant at trial and testified that when he came into her house, he had blood on his clothing, and his mouth was bleeding.

Mrs. Vandagriff's house was behind the house where the Suburban stopped. Appellant was arrested within minutes after the Suburban slid to a stop in Mrs. Vandagriff's neighbor's yard.

Applying the appropriate standard of review, we hold that the evidence is factually sufficient to support Appellant's conviction for felony evading arrest. We overrule Appellant's first issue.

### Evidence of Burglary of a Habitation is Legally Sufficient

In his fourth issue, Appellant contends that the evidence is legally insufficient to support his burglary conviction because the evidence fails to establish that Vandagriff did not consent to his entry into the house.[10] Direct and circumstantial evidence supports the jury's conclusion that the evidence is legally sufficient to show the absence of consent.

The direct evidence includes testimony of the owners. Mrs. Vandagriff testified that Appellant did not have her consent to enter her home. Her

---

[10] *See* Tex. Penal Code Ann. § 30.02(a)(1), (3) (Vernon 2003) (providing that "[a] person commits an offense if, without the effective consent of the owner, the person . . . enters a habitation . . . [1] with intent to commit a felony, theft, or an assault" or (2) "and commits or attempts to commit a felony, theft, or an assault").

8

husband testified that Appellant did not have his permission to enter their home. There is no evidence that anyone else was an owner of the home.

Circumstantial evidence, which we treat in exactly the same way we treat direct evidence,[11] also supports the verdict. When Mrs. Vandagriff said that she would call her husband, Appellant quickly closed and locked the door and closed the blinds, both on the door and on the adjacent window. When Mrs. Vandagriff offered to call 911, Appellant became upset and demanded that she not do so. He asked Mrs. Vandagriff for the keys to her car, offering to pay her to help him flee the scene. There is no evidence that Appellant either had permission to enter the home or believed that he had permission to enter the home.

Applying the appropriate standard of review,[12] we hold that the evidence is legally sufficient to support Appellant's conviction for burglary of a habitation. We overrule Appellant's fourth issue.

### Evidence of Burglary of a Habitation is Factually Sufficient

In his third issue, Appellant argues that the evidence is factually insufficient to support his conviction for burglary of a habitation because the

---

[11] *Laster*, 2009 WL 80226, at *3.

[12] *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

9

evidence does not show the absence of the owner's consent to Appellant's entry into the house.

Mrs. Vandagriff testified that when Appellant came into her kitchen, he entered through her back kitchen door, which had been closed. She testified that she did not give Appellant permission to enter her home. Mr. Vandagriff testified that he did not give Appellant permission to be in his house on the day of the offense. There is no evidence contradicting these assertions. Applying the appropriate standard of review,[13] we hold that the evidence is factually sufficient to support Appellant's conviction for burglary of a habitation. We overrule Appellant's third issue.

### Conclusion

Having overruled Appellant's four issues, we affirm the trial court's judgments.

> LEE ANN DAUPHINOT
> JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 5, 2009

---

[13] *See Neal*, 256 S.W.3d at 275; *Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417.